UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| BYRON GOOD VOICE ELK, | ) | CIV. 12-4198-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CORRECTIONAL OFFICER PERRETT, CORRECTIONAL OFFICER NEAROVICK, LIEUTENANT WENDLING, MEDICAL STAFF KITTY, HEALTH SERVICE, and MENTAL HEALTH, all in their individual and official capacities, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**A.   Screening**

Pending before the court is a complaint[1] alleging several causes of action pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A(a), the court is required to screen all prisoner cases. The Supreme Court has held that a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The court may dismiss a complaint if it is frivolous, malicious, fails to state a claim upon

---

[1] On December 14, 2012, the court granted plaintiff's request for leave to amend his complaint. Docket 11. Plaintiff was given until January 4, 2013 to submit an amended complaint, but he failed to comply with that requirement. *Id.* Accordingly, the court has screened plaintiff's original complaint, which he filed on November 16, 2012. Docket 1.

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

Plaintiff, Byron Good Voice Elk, first alleges that Correctional Officer Nearovick used excessive force and thereby inflicted cruel and unusual punishment in violation of the Eighth Amendment when he "slammed [plaintiff] up against the wall and proceeded to Assult [plaintiff] [while he] was Handcuffed." Docket 1. Plaintiff also alleges Correctional Officer Perrett "slammed [him] to the floor where he proceed to kick and punch [plaintiff] in the back." *Id.* "It is obdurate, wanton or intentional inflictions of unnecessary pain, not mere inadvertence or good faith mistakes as to the amount of force reasonably called for, which violate the Eighth Amendment." *Hickey v. Reeder*, 12 F.3d 754, 758 (8th Cir. 1993). Here, plaintiff alleges he was assaulted without provocation while he was handcuffed. The court finds plaintiff has sufficiently stated a claim upon which relief may be granted. *See Hudson v. McMillian*, 503 U.S. 1, 6, 9 (1992).

Plaintiff next alleges Lieutenant Wendling violated his constitutional rights by failing to stop the officers he supervised from using excessive force against plaintiff. "To establish personal liability of the supervisory defendant[], [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). Here, plaintiff alleges Lieutenant

Wendling failed to negotiate with plaintiff, and then placed him in harm's way when he opened the cell door, sprayed pepper spray, and failed to intervene when "his" officers used excessive force. The court finds plaintiff has stated sufficient facts indicating the personal involvement of Lieutenant Wendling in the events alleged to have violated plaintiff's constitutional rights. As a result, the court will allow this claim to proceed.

Plaintiff's next claim alleges he received inadequate medical care when Health Services repeatedly diagnosed him with anxiety attacks when, in fact, he was suffering from a collapsed lung. "A prison official exhibits deliberate indifference when the official actually 'knows of and disregards' a prisoner's serious medical needs." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, prison officials are not liable unless they "knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). " 'The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.' " *Jolly v. Knudsen*, 205 F.3d 1094, 1096

(8th Cir. 2000) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

    Here, the complaint alleges plaintiff was repeatedly seen by medical staff who assessed his oxygen levels and diagnosed him with anxiety/panic attacks. There is nothing which demonstrates that the medical staff knew plaintiff was in need of a greater level of medical care and disregarded that need. Rather, the facts alleged in the complaint demonstrate negligence at most. As a result, the court finds this allegation does not state a claim upon which relief may be granted. The claim is dismissed without prejudice.

    Plaintiff's next claim names Medical Staff Kitty as a defendant and alleges she was deliberately indifferent to his serious medical needs. To demonstrate a violation, plaintiff must show that he had an objectively serious medical need that was known to prison officials, but which those prison officials deliberately disregarded. *See Jolly*, 205 F.3d at 1096 (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). "An objectively serious medical need is one that either has been diagnosed by a physician as requiring treatment, or is so obvious that even a 'layperson would easily recognize the necessity for a doctor's attention.' " *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 481 (8th Cir. 2008) (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)).

Plaintiff alleges Nurse Kitty knew he had a colostomy bag[2] and when the bag fell off, she "refused to do anything about it." The exhibits submitted with the complaint indicate Health Services is required to change plaintiff's colostomy bag weekly and reinforce the bag as needed. As a result, the court finds plaintiff has properly set forth sufficient facts, which, if true, would prove he has an objectively serious medical need. Additionally, plaintiff has alleged Nurse Kitty acted with deliberate indifference by refusing him treatment. As a result, the court will allow the claim to proceed.

Plaintiff's final cause of action alleges defendants have violated his constitutional and statutory rights to proper mental health care by housing him in a unit for inmates with serious mental illnesses, which places such inmates in an isolated confinement situation. Plaintiff contends that such isolation is more harmful to his mental condition and asserts the refusal to move him to a different unit for "proper treatment" is a violation of his constitutional rights.

The court finds plaintiff fails to state a claim upon which relief may be granted. As stated previously, a prisoner does not have a constitutional right to a particular course of treatment. *See Jolly*, 205 F.3d at 1096 (quoting *Estate of Rosenberg,* 56 F.3d at 37). Moreover, a mere disagreement with the course of

---

[2] Plaintiff describes his condition as "a whole on [his] stomach" and refers to a bag falling off. The court surmises that the condition he is referring to is a colostomy and will refer to it as such.

treatment does not rise to the level of a constitutional violation. *See id.* Here, plaintiff's complaint demonstrates he suffers from severe mental illness and has been placed in a unit that provides care for inmates who suffer such illnesses. Nothing in his complaint demonstrates that he has not received treatment for his illnesses, only that he wishes for a different course of treatment. As a result, the court finds plaintiff has not set forth a claim under the Eighth Amendment for deliberate indifference to his serious medical needs.

The court further finds plaintiff has not set forth a viable claim regarding the conditions of his confinement. The United States Supreme Court, in *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), stated that "[c]onditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment. . . . To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses." Plaintiff has not alleged facts that show that he is being deprived the "minimal civilized measure of life's necessities" or that the conditions amount to a "wanton and unnecessary infliction of pain." As the Supreme Court stated, "[t]he Constitution . . . 'does not mandate comfortable prisons,' . . . and only those deprivations denying 'the minimal civilized measure of life's necessities,' . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294 (1991) (citations omitted). Instead, the facts set

forth in the complaint indicate plaintiff suffers from a serious mental illness and has been placed in a unit that provides care for inmates who suffer such illnesses. While it is understandable that plaintiff would prefer to be in a less restrictive environment, he does not have a constitutional right to be housed in a particular location. *See Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). As a result, the court finds plaintiff has not set forth a facially plausible claim upon which relief may be granted, and the claim must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.     Motion to Proceed In Forma Pauperis**

Plaintiff also moves for leave to proceed in forma pauperis. Under the Prison Litigation Reform Act, plaintiff must pay 20 percent of the greater of the average monthly deposits to his prisoner account or the average monthly balance of the account. *See* 28 U.S.C. § 1915(b)(1). His prisoner trust account report indicates that his current balance equals $582.62. His average monthly deposit equals $0 and his average monthly balance equals $668.07. Thus, plaintiff owes an initial partial filing fee of $133.61 (20 percent of $668.07).

**C.     Motion for a Temporary Restraining Order**

Plaintiff also asks the court to issue a restraining order against Officer Nearovick and Officer Perrett to prevent them from teasing plaintiff. He also requests a restraining order against Lieutenant Wendling because plaintiff

"get[s] all paranoid and anxious because he refused to help [him.]" Plaintiff also requests a restraining order against Nurse Kitty for refusing to provide care and against Health Services because they do not respond to each of his kites and "most of his medical needs." Finally, plaintiff wishes the court to issue a restraining order against Mental Health because they refuse to give him adequate medical care and provide him with copies of his mental health records.

Under Fed. R. Civ. P. 65(b), a temporary restraining order may only be issued if the movant has submitted an affidavit setting forth specific facts which demonstrate that an "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Plaintiff has not provided an affidavit setting forth specific facts that clearly demonstrate an "immediate and irreparable injury, loss, or damage[.]" *See* Fed. R. Civ. P. 65(b)(2). As a result, the court denies the motion for a temporary restraining order.

Moreover, the court finds the motion would fail on the merits if the court were to construe the motion as a request for preliminary injunctive relief. "[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that [the] movant will succeed on the

merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Though no one factor controls, plaintiff must demonstrate a threat of irreparable harm. *See Baker Elec. Co-op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994). Furthermore, the Eighth Circuit has held that "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). Here, the court finds teasing and paranoia are not a basis for demonstrating irreparable harm. While the failure to provide adequate health care may result in irreparable harm, the court has dismissed the claims against the Health Service and Mental Health. As a result, the court finds injunctive relief should not be granted.

D.     **Motion for Appointment of Counsel**

Plaintiff also seeks the appointment of counsel. There is no statutory or constitutional right to counsel in a civil matter. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether or not to appoint counsel, the court must consider the "likelihood that the plaintiff and the court will benefit from the assistance of counsel, the factual complexity of the case, the plaintiff's ability to investigate the facts and present his claim, the existence of conflicting testimony, and the complexity of the legal issues." *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992) (citations omitted). The court finds that the complexity of the factual and legal matters are not great. The court

also finds that plaintiff has the ability to present his claim to the court and to investigate the facts. As a result, the court finds that the appointment of counsel in this matter would not be of great benefit. Accordingly, it is

ORDERED that plaintiff's causes of action naming Health Services and Mental Health as defendants regarding the misdiagnosis of his collapsed lung and his placement in a unit for inmates suffering serious mental illness (Docket 1) are dismissed without prejudice.

IT IS FURTHER ORDERED the remainder of the complaint may proceed.

IT IS FURTHER ORDERED that plaintiff's motion to proceed in forma pauperis (Docket 3) is granted. Plaintiff should pay an initial partial filing fee of $133.61 by **February 15, 2013.**

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket 6) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for temporary restraining order (Docket 8) is denied.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account will be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

IT IS FURTHER ORDERED that plaintiff remains obligated to pay the filing fee in its entirety regardless of the disposition of this action.

IT IS FURTHER ORDERED that the clerk of court will cause service of the complaint, summons, the motion for copies of records, and this order upon the remaining defendants. All costs of service will be advanced by the United States.

IT IS FURTHER ORDERED that defendants will serve and file an answer or responsive pleading to the complaint, the motion for temporary restraining order, and the motion for copies of records on or before 21 days following the date of service. Defendants need only respond to the remaining claims.

IT IS FURTHER ORDERED that plaintiff will serve upon defendants, or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

Dated January 15, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE