UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| BYRON GOOD VOICE ELK, | ) | Civ. 12-4198-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING MOTION FOR |
| CORRECTIONAL OFFICER PERRETT; | ) | COPIES OF MENTAL HEALTH |
| CORRECTIONAL OFFICER | ) | RECORDS, DENYING MOTION TO |
| NEAROVIC; | ) | APPOINT COUNSEL, GRANTING |
| LIEUTENANT WENDLING; | ) | MOTION TO AMEND COMPLAINT, |
| MEDICAL STAFF KITTY; | ) | AND GRANTING MOTION TO STAY |
| HEALTH SERVICE; and | ) | DISCOVERY |
| MENTAL HEALTH, all in their | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Byron Good Voice Elk, moves this court for copies of mental health records (Docket 12), for appointment of counsel (Docket 24), and for leave to file an amended complaint (Docket 25). Good Voice Elk commenced this action on November 16, 2012, alleging excessive force, retaliation, failure to protect, deliberate indifference to serious medical needs, and unconstitutional conditions of confinement. Docket 1. On November 28, 2012, Good Voice Elk requested leave to amend his complaint to add a defendant. Docket 7. The court granted such motion and allowed Good Voice Elk until January 4, 2013, to file an amended complaint. Docket 11. Good Voice Elk, however, did not file an amended complaint within the requisite time period, and the court screened his original complaint on January 15, 2013. Docket 13.

Summons issued as to all named defendants on February 7, 2013. Docket 15. Defendants answered on March 4, 2013, denying Good Voice Elk's claims and asserting various affirmative defenses. Docket 21. At that time, defendants also submitted a response in opposition to Good Voice Elk's request for mental health records and included therein a motion to stay discovery. Docket 22. On March 29, 2012, Good Voice Elk again requested leave to file an amended complaint. Docket 25.

## DISCUSSION

### I. Motion for Copies of Mental Health Records.

Good Voice Elk requests a court order requiring Health Services to release copies of his mental health records. Good Voice Elk, however, has not provided sufficient information for the court to determine (1) whether such copies are being withheld from him, and (2) whether such copies are relevant to the claims before this court. The motion for copies of mental health records (Docket 12) is therefore denied at this time.

### II. Motion to Appoint Counsel.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* In this case, the facts of Good

Voice Elk's remaining claims are not complex. Good Voice Elk appears able to adequately present the majority of his § 1983 claims at this time, and his motion to appoint counsel (Docket 24) is therefore denied.

**III.   Motion to Amend the Complaint.**

A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Federal Rule of Civil Procedure 15(a) dictates that "[t]he court should freely give leave when justice so requires," the court may deny such requests for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, 21 days have passed between the date on which defendants were served with this action and the date on which Good Voice Elk filed the instant motion to amend. Because defendants have failed to demonstrate that additional amendments would cause undue prejudice on opposing parties, the court grants Good Voice Elk's motion to amend his complaint. *See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981) ("Delay alone is

an insufficient justification for denying a motion to amend; prejudice to the nonmovant must also be shown."). Good Voice Elk must submit an amended complaint on or before May 13, 2013.

## IV. Motion to Stay Discovery.

Defendants assert that Good Voice Elk's claims are subject to defendants' qualified immunity defense (Docket 22), which defendants affirmatively alleged in their answer (Docket 21). The doctrine of qualified immunity protects prison officials from litigation itself, not merely liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Consequently, both the Supreme Court and the Eighth Circuit have " 'repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation.' " *O'Neil v. City of Iowa City*, 496 F.3d 915, 917 (8th Cir. 2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). In light of defendants' upcoming motion to resolve the issue of qualified immunity, therefore, the motion to stay discovery is granted. Defendants must submit a motion addressing the issue of qualified immunity on or before June 13, 2013. Accordingly, it is

ORDERED that Good Voice Elk's motion for copies of mental health records (Docket 12) is denied.

IT IS FURTHER ORDERED that Good Voice Elk's motion for appointment of counsel (Docket 24) is denied.

IT IS FURTHER ORDERED that Good Voice Elk's motion to amend the complaint (Docket 25) is granted. Good Voice Elk's deadline to file an amended complaint is by **May 13, 2013.**

IT IS FURTHER ORDERED that defendants' motion to stay discovery (Docket 22) is granted. Defendants' deadline to file a motion addressing the issue of qualified immunity is by **June 13, 2013.**

Dated April 17, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE